CITY OF ATLANTA *et al. v.* MURPHY *et al.*

No. 16804. OCTOBER 10, 1949.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, W. H. Reynolds, Eugene Cook, Attorney-General, W. V. Rice, T. V. Williams,* and *Cam Dorsey, Assistant Attorneys-General,* for plaintiffs in error.

*Coogler & Kemp* and *Carl T. Hudgins,* contra.

HEAD, Justice. The petition and evidence in this case show that the proposal to close a part of State Highway No. 85 (At-

lanta Avenue) was at the instance of the City of Atlanta, pursuant to its plan to extend its municipal airport. The "Uniform Airports Law" (Code, Chapter 11-2), is a general law and confers broad and comprehensive powers upon "municipalities, counties, and other political subdivisions," to acquire (either separately or jointly) lands for the construction and expansion of airports. Rules of law and decisions of this court applicable to the closing of State highways which were a part of the public-road system of a county prior to incorporation into the State Highway System are not, therefore, applicable to the facts of the present case.

In *Howard* v. *Atlanta,* 190 *Ga.* 730 (10 S. E. 2d, 190), this court fully stated the rules of law applicable in those instances where the construction or extension of a municipal airport is involved. Under the rules stated in the *Howard* case, the City of Atlanta and the other defendants were fully authorized to contract for the closing and relocation of a portion of a State highway in order that the municipal airport might be expanded. While the decision in the *Howard* case was not concurred in by a full bench (two Justices dissenting), it follows the apparent intent and purpose of the General Assembly in the enactment of the "Uniform Airports Law," and will therefore be followed in the present case.

No arbitrary abuse of the powers conferred by the "Uniform Airports Law" is shown by either the allegations of the petition, or the evidence, and the trial court erred in overruling the general demurrers of the city and in thereafter granting an interlocutory injunction.

*Judgment reversed. All the Justices concur.*